# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WILLIAMS,<br><br>        Petitioner,<br><br>    v.<br><br>HECTOR A. RIOS,<br><br>        Respondent.<br>_____/ | 1:10-cv-00143-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 12] |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Petitioner filed the instant petition for writ of habeas corpus on February 3, 2010. (Court Doc. 1.) On March 3, 2010, the undersigned issued a Findings and Recommendation to dismiss the original petition for failure to state a cognizable claim. On April 14, 2010, Petitioner filed a motion to amend the petition. (Court Doc. 9.) On April 27, 2010, the Court vacated the Findings and Recommendation issued March 3, 2010, and granted Petitioner's motion to amend the petition. (Court Doc. 11.) Now pending before the Court is Petitioner's amended petition filed on May 17, 2010. (Court Doc. 12.) For the reasons explained *infra*, the amended petition suffers the same defect as the original petition and must be dismissed.

## DISCUSSION

      Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal

1

1  prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the
2  United States." 28 U.S.C. § 2241(c)(3).  However, where a Petitioner seeks to challenge the
3  conditions of his confinement, his claims are cognizable in a civil rights action rather than a
4  habeas corpus action.  In the federal context, <u>Bivens v. Six Unknown Named Agents of Federal</u>
5  <u>Bureau of Narcotics</u>, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of
6  civil rights by federal actors. <u>C.f.</u>, <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to
7  conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil
8  rights action rather than a habeas corpus petition).

9       In the amended petition, Petitioner challenges only his placement and retention in the
10  Security Housing Unit for a prior disciplinary action.  Petitioner challenge does not challenge the
11  fact or duration of his confinement; rather, he challenges the conditions of his confinement.  A
12  civil rights complaint, not a habeas corpus petition, is the proper mechanism for a prisoner
13  challenging the conditions of his confinement.  See <u>Bivens v. Six Unknown Named Agents of</u>
14  <u>Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Accordingly, Petitioner is not entitled to
15  relief under § 2241, and the instant petition should be dismissed.

16  RECOMMENDATION

17       Based on the foregoing, it is HEREBY RECOMMENDED that the Amended Petition for
18  Writ of Habeas Corpus be DISMISSED.

19       This Findings and Recommendation is submitted to the assigned United States District
20  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
21  Local Rules of Practice for the United States District Court, Eastern District of California.
22  Within thirty (30) days after being served with a copy, any party may file written objections with
23  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
24  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

25
26
27
28

and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **May 20, 2010**                           **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE